**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DAHUA TECHNOLOGY USA INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 18-11147 |
| ) | JURY TRIAL DEMANDED |
| FENG ZHANG, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# COMPLAINT

Plaintiff, Dahua Technology USA Inc. ("Dahua") brings this action against defendant Feng Zhang ("Mr. Zhang") to seek reformation of a contract between the parties. Dahua seeks this reformation to correct a clear scrivener's error in the contract that resulted from the mutual mistake of the parties.

Dahua, by and through its undersigned attorneys, alleges on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PARTIES

1. Dahua is a California corporation with a principle place of business at 23 Hubble, Irvine, California 92618.

2. Mr. Zhang is, upon information and belief, an individual who resides at 40 Cider Hill Lane, Sherborn, Massachusetts 01770.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the parties. Mr. Zhang is, upon information and belief, a citizen of Massachusetts. Dahua is not a citizen of Massachusetts.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Mr. Zhang resides in Massachusetts.

5.  Mr. Zhang is also subject to personal jurisdiction in this district.

6.  The parties also agreed that any action to interpret or enforce any provision of the contract at issue in this action would be brought in the appropriate state or federal court for the district encompassing Boston, Massachusetts. *See* Exhibit 1, ¶ 11 ("The parties agree that any action brought by either party to interpret or enforce any provision of this Agreement shall be brought in, and each party agrees to, and does hereby, submit to the jurisdiction and venue of, the appropriate state or federal court for the district encompassing Boston, Massachusetts.").

## STATEMENT OF FACTS

7.  Dahua is in the video surveillance industry. It is a global leader in providing innovative video surveillance solutions to its customers.

8.  On November 9, 2015, Mr. Zhang signed an Offer of Employment with an affiliate of Dahua, Zhejiang Dahua Technology Co., Ltd. ("Zhejiang"), pursuant to which Mr. Zhang would serve as Dahua's Chief Strategy Officer, Vice President and President of North American and Enterprise Sales for a three-year term beginning on January 1, 2016. See Exhibit 2.

9.  Pursuant to the November 9, 2015 Offer of Employment, Mr. Zhang would earn an annualized base salary of $510,000.

10. In August 2017, Dahua and Mr. Zhang agreed that Mr. Zhang would change roles at Dahua. The parties therefore made several agreements to effect this change.

11. Dahua and Mr. Zhang agreed that in exchange for Mr. Zhang signing an August 28, 2017 severance agreement (the "Severance Agreement"), Mr. Zhang would receive, among other benefits, 16 monthly payments of $42,500 each that would total $680,000.

12. That amount was agreed because at that time, had Mr. Zhang continued to work the 16 months remaining under the November 9, 2015 Offer of Employment, he would have earned $680,000. The parties agreed and intended that under the Severance Agreement, Mr. Zhang would receive that money without having to continue to work as the Chief Strategy Officer, Vice President and President of North American and Enterprise Sales.

13. The Severance Agreement states in relevant part: "In consideration for your execution, non-revocation and compliance with this Agreement, the Company agrees to make monthly severance payments to you in the amount of $680,000 for sixteen (16) months following the offer termination Date…". See Exhibit 1, at ¶1.

14. It is a scrivener's error that resulted from mutual mistake of the parties that the as-written Severance Agreement does not reflect the intent and agreement of the parties.

15. At the time the Severance Agreement was signed, neither party was aware of the scrivener's error.

16. Another part of the agreement to effect Mr. Zhang's change in role was that Mr. Zhang received a new two-year employment contract with Dahua.

17. On August 28, 2017, Mr. Zhang and Dahua entered into a letter agreement providing for Mr. Zhang's new role as Senior Corporate Advisor with an annualized base salary of $240,000. See Exhibit 3.

18. Also on August 28, 2017, Dahua and Mr. Zhang signed a Proprietary Information, Inventions Assignment, Non-Solicitation and Non-Competition Agreement.

19. For the next several months, Dahua paid Mr. Zhang monthly payments of $42,500.

20. Mr. Zhang accepted these payments and did not make any complaint or comment to Dahua about the payments.

21. In January 2018, Dahua wished to end Mr. Zhang's employment. Dahua therefore, on January 10, 2018, sent Mr. Zhang a proposed separation agreement (the "Separation Agreement") pursuant to which Mr. Zhang would receive a severance payment of $910,000 in exchange for signing the Separation Agreement.

22. Upon information and belief, Mr. Zhang retained an attorney, Katherine Michon, Esq., to review the Separation Agreement. Upon information and belief, in the context of reviewing the Separation Agreement and other agreements between Dahua and Mr. Zhang, Ms. Michon apparently discovered the scrivener's error in the Severance Agreement.

23. Neither Ms. Michon nor Mr. Zhang brought the scrivener's error to Dahua's attention for correction. Instead, on January 29, 2018, Ms. Michon wrote a letter to Dahua's counsel stating that "the severance amount offered [Mr. Zhang] ($910,000) in the Separation Agreement in exchange for his release of claims and his agreement to expanded non-competition obligations, among other things, is plainly inadequate under the circumstances" because, among other things, Dahua is allegedly "already obligated to pay Mr. Zhang over $11,000,000" under the Severance Agreement. See Exhibit 4.

24. Dahua's counsel responded on February 5, 2018 to explain that there is a scrivener's error in the Severance Agreement. Dahua's counsel requested that Mr. Zhang execute an amendment to the Severance Agreement (the "Amendment") to clarify the amounts due and owing to him. See Exhibit 5. The Amendment would also memorialize the termination of Mr. Zhang's employment.

25. Ms. Michon responded by email on February 19, 2018. See Exhibit 6. She stated that Mr. Zhang would not be executing the Amendment and alleged that Mr. Zhang "has a strong breach of contract claim against the company." Id. Ms. Michon made a settlement demand of $9,000,000 and stated that Dahua had until March 5, 2018 to accept it. Id.

26. On or about March 12, 2018, Mr. Zhang and Alan Liu of Zhejiang spoke on the telephone regarding this matter. Also present on this call were counsel for Mr. Zhang and counsel for Dahua. Mr. Liu requested that Mr. Zhang explain the basis for his position regarding the Severance Agreement, but Mr. Zhang did not do so.

27. On May 2, 2018, having heard nothing regarding this matter from Mr. Zhang or his counsel since the March 12, 2018 call, counsel for Dahua wrote to Ms. Michon. Dahua's counsel asked that Mr. Zhang agree to revise the Severance Agreement to make it conform with what Mr. Zhang and Dahua intended when the Severance Agreement was signed in August 2017.

28. On May 11, 2018, Ms. Michon responded that her client's position remains unchanged.

29. Because Mr. Zhang is unwilling to revise the Settlement Agreement to correct the scrivener's error and insists that it is enforceable as-written, Dahua has been left with no choice but to seek relief from this Court.

## COUNT I

### Declaratory Judgment of Contract Unenforceability

30. Dahua realleges and incorporates by reference the allegations of paragraphs 1 through 29 above as though fully set forth herein.

31. The Severance Agreement contains a scrivener's error.

32. The scrivener's error was included in the Severance Agreement by mutual mistake of the parties.

33. The Severance Agreement as-written does not reflect the intent of the parties.

34. Because the Severance Agreement contains a scrivener's error that results from mutual mistake of the parties, the Severance Agreement is unenforceable as-written.

## COUNT II

### Declaratory Judgment of Contract Reformation

35. Dahua realleges and incorporates by reference the allegations of paragraphs 1 through 34 above as though fully set forth herein.

36. The Paragraph 1 of the Severance Agreement states as follow: "In consideration for your execution, non-revocation and compliance with this Agreement, the Company agrees to make monthly severance payments to you in the amount of $680,000 for sixteen (16) months following the offer termination Date, payable subject to standard payroll deductions and withholdings on the Company's ordinary payroll dates over the Severance Period…".

37. Paragraph 1 of the Severance Agreement should be reformed as follows to correct the scrivener's error that resulted from mutual mistake of the parties: "In consideration for your execution, non-revocation and compliance with this Agreement, the Company agrees to make monthly severance payments to you in the amount of $42,500 for  the 16-month period following

August 28, 2017, totaling $680,000, payable subject to standard payroll deductions and withholdings on the Company's ordinary payroll dates over the Severance Period…"

## COUNT III

### Breach of the Implied Covenant of Good Faith and Fair Dealing

38. Dahua realleges and incorporates by reference the allegations of paragraphs 1 through 37 above as though fully set forth herein.

39. The contracts between the parties, including but not limited to the Severance Agreement, contained an implied covenant of good faith and fair dealing.

40. Mr. Zhang, by his behavior of *inter alia* maintaining that the Severance Agreement as-written reflects the intent of the parties and threatening to sue Dahua to enforce the Severance Agreement as-written, has breached the implied covenant of good faith and fair dealing as to all of the contracts between the parties.

41. As a result of these breaches, Dahua has suffered damages including but not limited to sums paid to Mr. Zhang under the contracts between the parties.

### REQUSTS FOR RELIEF

WHEREFORE, Dahua prays that this Court:

i. Enter judgment for Dahua on all counts of the Complaint;

ii. Declare that the Severance Agreement is unenforceable as-written;

iii. Declare that the Severance Agreement is reformed to reflect the intent of the parties;

iv. Award Dahua all damages it has sustained as a result of Mr. Zhang's conduct;

v. Award Dahua attorneys' fees and costs, as permitted by law; and,

vi. Grant such other and further relief as the Court deems just and proper.

DATED:  May 31, 2018

                By:  */s/ Daniel E. Rosenfeld*
                Daniel E. Rosenfeld (BBO No. 560226)
                Jennifer C. Brown (BBO No. 681442)
                DLA PIPER LLP (US)
                33 Arch Street, 26th Floor
                Boston, MA 02110-1447
                (617) 406-6000 (*telephone*)
                (617) 406-6100 (*facsimile*)
                *Daniel.rosenfeld@dlapiper.com*
                *Jennifer.brown@dlapiper.com*

                *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished this 31st day of May, 2018 via electronic mail and first class mail to:

Katherine J. Michon
Hartley Michon Robb LLP
155 Seaport Boulevard, 2nd Floor
Boston, MA 02210
kmichon@hartleymichonrobb.com

*Counsel for Defendant*

                                          */s/ Daniel E. Rosenfeld*