UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-11147-RWZ

DAHUA TECHNOLOGY USA, INC.

v.

FENG ZHANG

ORDER

February 19, 2020

ZOBEL, S.D.J.

Last month, the court allowed Dahua's motion for summary judgment and directed the parties to jointly file a proposed judgment. Docket # 68. The parties now dispute Dahua's entitlement to damages and, at the court's request, have briefed the issue and provided independent proposed judgments. Docket ## 75, 76.

Dahua contends it is entitled to damages for Zhang's breach of the implied covenant of good faith and fair dealing. Because Zhang "threatened to sue Dahua to enforce the contract as-written, so Dahua was forced to file this declaratory judgment lawsuit," Dahua claims it is entitled to reimbursement of the approximately $1.5 million in attorney's fees and costs it incurred in connection with this litigation. Docket # 75 at 1.

Dahua is entitled to a declaratory judgment of contract unenforceability, reformation of the terms of Zhang's severance agreement, and judgment on Zhang's

Amended Counterclaim. Additionally, Dahua is entitled to judgment that Zhang breached the implied covenant of good faith and fair dealing. However, though contract damages are recoverable for this claim, attorney's fees do not qualify as such and, in any event, are not quantified by Dahua. See RFF Family P'ship, LP v. Ross, 814 F.3d 520, 534-35 (1st Cir. 2016) (affirming district court's denial of attorney fees damages, explaining Massachusetts' third-party attorney fee exception under which "attorneys' fees can be collected as part of damages when 'tortious conduct . . . require[es] the victim of the tort to sue or defend against a third party in order to protect his rights'") (quoting M.F. Roach Co. v. Town of Provincetown, 247 N.E.2d 377, 378 (Mass. 1969)); 11 Corbin on Contracts § 57.9 (legal fees incurred in an action against the breaching party may not be recovered, though the expenses of litigating with a third party may be); MCLE, Inc., Damages, Interest, and Attorney Fees in Massachusetts Litigation, ch. 15 (2015 ed.) ("Massachusetts courts have also recognized that the American Rule does not apply in cases where attorney fees are a form of compensatory damage because they are a natural and probable consequence of the tortious conduct at issue, **unconnected with the fees incurred in bringing the claim**.") (emphasis added). Accordingly, Dahua is not eligible for damages.

    Judgment shall enter in accordance with this order.

|  |  |
|---|---|
|    February 19, 2020   <br>DATE |    /s/ Rya W. Zobel   <br>RYA W. ZOBEL<br>SENIOR UNITED STATES DISTRICT JUDGE |