UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAHUA TECHNOLOGY USA, INC.,<br><br>  Plaintiff and Counterclaim Defendant,<br><br>                        v.<br><br>FENG ZHANG,<br><br>  Defendant and Counterclaim Plaintiff. | Civil Action No.:  18-cv-11147-IT |

**MOTION TO AMEND JUDGMENT TO ADD MANDATORY PREJUDGMENT INTEREST**

In accordance with Fed. R. Civ. P. 59(e), Defendant (and Counterclaim Plaintiff) Feng Zhang ("Zhang") respectfully requests that this Court amend its Judgment (Dkt. No. 209) to include an award of prejudgment interest in the amount of $ $7,555,265.75.

Because Zhang's counterclaim sounds in contract, the district court must apply the provisions of M.G.L. c.231 §6C and award prejudgment interest at the rate of 12% per annum from the date of breach or demand.  See Yokozeki v. Carr-Locke, 2015 U.S. Dist. LEXIS 191342, *1 (D. Mass. July 24, 2015); Covidien LP v. Esch, 2020 U.S. Dist. LEXIS 67795 (D. Mass. Apr. 17, 2020) (prejudgment interest due from the date of breach); Neponset Landing Corp. v. Northwestern Mut. Life Ins. Co., 2013 U.S. Dist. LEXIS 100431, *2 (D. Mass. July 18, 2013) ("in a contract action pre-judgment interest shall be calculated 'from the date of the breach or demand.'"); Sargeant v. Commissioner of Public Welfare, 383 Mass. 808, 822 (1981) ("where the record establishes the date of demand in a contract action, pre-judgment interest should be awarded from that date.").

Further, there can be no dispute that Zhang has sought prejudgment interest throughout this case.  See Dkt. No. 138 at 25 (Zhang's Trial Brief seeking damages including prejudgment interest dating back to January 11, 2018, the date of breach).

Here, the date of the breach/demand is January 11, 2018 – the date Zhang requested payment of his severance, a request Dahua denied.  See Dkt. No. 119 at 19 (finding Zhang "formally request[ed] the payment acceleration of the agreed to severance amount").

M.G.L. c.231 §6C dictates that Zhang be awarded prejudgment interest on the entire $10,200,000 judgment "using the simple interest formula."  See Yokozeki, 2015 U.S. Dist. LEXIS 191342, *2.  Following the district court's application of the "simple interest formula" in Yokozeki:  Twelve percent of $10,200,000 is $1,224,000, which divided by 365 yields the daily interest charge of $3,353.42.  See id.  There are 2,253 days between the date of breach (January 11, 2018) and the date of this Court's judgment (March 12, 2024).  Id.  A prejudgment award of $7,555,265.75 ($3,353.42 x 2253 = $7,555,265.75) is therefore required.  See id.

For the foregoing reasons, Zhang respectfully requests that this Court amend its Judgment (Dkt. No. 209) to include a prejudgment interest award of $7,555,265.75.

        Respectfully submitted,

        FENG ZHANG,

        By his counsel,

        /s/ Benjamin Flam

        Philip J. Gordon (BBO# 630989)
        Benjamin Flam (BBO# 671853)
        GORDON LAW GROUP, LLP
        585 Boylston Street
        Boston, MA 02116
        Phone: (617) 536-1800
        pgordon@gordonllp.com
Dated:  March 13, 2024        bflam@gordonllp.com

## LOCAL RULE 7.1 STATEMENT

      In accordance with Local Rule 7.1(a)(2), the undersigned hereby certifies that he sought to resolve and/or narrow the issues addressed in this motion.

                                         /s/ Benjamin Flam

                                         Benjamin Flam

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that he served a true and accurate copy of the foregoing document upon counsel for Dahua Technology, USA, Inc., by ECF.

                                         /s/ Benjamin Flam

                                         Benjamin Flam