UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAHUA TECHNOLOGY USA INC.,          *
                                     *
    Plaintiff and Counterclaim Defendant,    *
                                     *
        v.                           *        Civil Action No. 1:18-cv-11147-IT
                                     *
FENG ZHANG,                          *
                                     *
    Defendant and Counterclaim Plaintiff.    *


MEMORANDUM & ORDER

May 30, 2024

TALWANI, D.J.

On March 28, 2024, this court entered an Amended Judgment [Doc. No. 214] in favor of
Counterclaim Plaintiff Feng Zhang on his breach of contract claim against Counterclaim
Defendant Dahua Technology USA Inc. ("Dahua") and awarded him $16,953,787.88 plus post-
judgment interest as provided by law. See Am. J. [Doc. No. 214]. On April 9, 2024, Dahua filed
a Notice of Appeal [Doc. No. 215]. Now pending before the court are Zhang's Request for
Issuance of Writ of Execution [Doc. No. 218] and Motion for Leave to Register this Court's
Amended Judgment in [the Central District of] California [Doc. No. 227]. Dahua opposes both
filings. See Opp. to Req. for Issuance of Writ [Doc. No. 226]; Resp. to Mot. [Doc. No. 229]. For
the reasons stated below, Zhang's Request [Doc. No. 218] and Motion [Doc. No. 227] are
GRANTED.

Dahua opposes Zhang's Request for Issuance of Writ of Execution [Doc. No. 218] on the
basis that Dahua does not "own or maintain any assets or other property physically located in
Massachusetts." Opp. to Req. for Issuance of Writ 1 [Doc. No. 226]. Therefore, Dahua contends,

Zhang fails to establish "any factual basis for" or the "utility of obtaining" a writ of execution from this court. Id.; see also id. at 2–3 (arguing that it would be "futile" for the court to issue a writ of execution against Dahua in Massachusetts). Contrary to Dahua's arguments, Zhang does have a legal and factual basis for obtaining a writ of execution: a money judgment is enforced by a writ of execution, see Fed. R. Civ. P. 69(a), and Zhang has obtained a money judgment of $16.9 million against Dahua. Dahua does not point to one case—and this court has not found any—for the proposition that the potential absence of assets in the judgment district is a reason to deny issuing a writ of execution.

Zhang still has the burden to identify for the United States Marshal Service ("USMS") the specific property in this district to be seized before the USMS will be able to enforce the writ of execution. Nonetheless, the court sees no bar to issuing the writ of execution, and accordingly, GRANTS Zhang's Request [Doc. No. 218] for a writ of execution.

Pursuant to 28 U.S.C. § 1963, a party can register a district court judgment in another district "by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." Where Dahua's appeal is pending, Zhang may not register the judgment in another district absent order of this court, and the court will grant his motion only "for good cause shown."

The "good cause" route for registering judgments despite the pendency of an appeal was added to the statute, see Pub L. 100–702, § 1002, 102 Stat. 4664 (1988), to prevent situations where a judgment debtor could "take advantage of the delay entailed by the appeal and remove his property from the other district, frustrating potential enforcement there even if his appeal did not succeed." Siegel, Commentary on 1988 Revision; see also Pac. Reinsurance Mgmt. Corp. v.

Fabe, 929 F.2d 1215, 1218 (7th Cir. 1991) ("This language entered the statute in 1988 to deal with the anomaly that a judgment for which no supersedeas bond had been posted was enforceable during appeal only in the rendering district."); Woodward & Dickerson v. Kahn, 1993 WL 106129, at *1 n.1 (S.D.N.Y. Apr. 2, 1993) (explaining that the absence of the "good cause" provision in the original statute allowed debtors "to obtain a *de facto* stay of execution without submitting a supersedeas bond as required by Rule 62(d)").

Courts have found that "good cause" is established "upon a mere showing that the [party against whom the judgment has been entered] has substantial property in the other [foreign] district and insufficient [property] in the rendering district to satisfy the judgment." Jack Frost Labs., Inc. v. Physicians & Nurses Mfg. Corp., 951 F. Supp. 51, 52 (S.D.N.Y. 1997) (internal quotation marks omitted) (citing Woodward & Dickerson, 1993 WL 106129, at *1, and other district court decisions). A district court in this circuit found "good cause" to register in Rhode Island a judgment against the defendant entered in Maine based on an uncontested statement that the defendant corporation had its principal place of business in Rhode Island. See Cianbro Corp. v. George H. Dean, Inc., 749 F. Supp. 2d 1, 2–3 (D. Me. 2010). And the Seventh Circuit has noted in upholding a good cause finding that "Section 1963 does not call for magic words or require district judgments to write opinions," where "[e]veryone understood that [appellant's] assets were elsewhere" and appellant failed to post a supersedeas bond." Pac. Reinsurance Mgmt. Corp., 929 F.2d at 1218.

This court finds that Zhang has demonstrated good cause. First, it has been more than thirty (30) days since the court entered judgment and Dahua has not "provide[d] a bond or other security" as required for a stay of proceedings by Federal Rule of Civil Procedure 62(b) and Local Rule 62.2. To now allow Dahua to block Zhang from executing the Amended Judgment

[#214] would further precisely the kind of litigation behavior that Section 1963 was enacted—and explicitly amended—to prevent.

Second, Dahua states that it does not have assets, customers, inventory, offices or property in Massachusetts. See Opp. to Req. for Issuance of Writ 2–3. Therefore, it follows that Dahua has "insufficient" assets in this forum to satisfy the $16.9 million judgment against it.

Third, Dahua has acknowledged that it is "a California corporation with its principal place of business in Irvine, California." See Decl. of Kun Huang Lin, Ex. 1 to Opp. for Req. for Issuance of Writ [#226-1].

Dahua contends that the residence of a defendant in another district from where judgment was entered is not sufficient to establish "good cause" absent a showing of "substantial assets" in the other jurisdiction. See Dahua's Resp. 2–3 [#229] (relying in part on Bingham v. Zolt, 823 F. Supp. 1126 (S.D.N.Y. 1993), aff'd, 66 F.3d 553 (2d Cir. 1995)). Bingham is easily distinguished, as it involved an individual defendant whose mere residence in another district was not found sufficient to demonstrate the presence of any assets in that district. Id. at 1136. Here, in contrast, Dahua is a corporation with its principal place of business in the state where Zhang seeks to register the judgment. Cf. Hertz Corp. v. Friend, 559 U.S. 77, 130 S. Ct. 1181, 1192–93 (2010) (noting that a corporation's "principal place of business" is its "nerve center" and "normally . . . its headquarters).

In Pharmacy Corporation of America v. Concord Healthcare Group, LLC, 2017 WL 10832155 (W.D. Ky. Oct. 5, 2017), on which Dahua also relies, the court ordered the party seeking to register the judgment to refile its motion and elaborate on the other party's assets in the other forum. Id. at *2. Here, however, this court has already heard substantial trial evidence regarding Dahua's presence in California. Given that Dahua may currently be in the midst of

completing a sale to another company, see Ex. C to Mot. for Leave to Register This Court's Am. J. in Cal. [Doc. No. 227-1], this court finds further delay to require more specific evidence as to those assets unwarranted.

This court GRANTS Zhang's <u>Request for Issuance of Writ of Execution</u> [Doc. No. 218] and <u>Motion for Leave to Register this Court's Amended Judgment in [the Central District of] California</u> [Doc. No. 227].

IT IS SO ORDERED.

May 30, 2024                              /s/ Indira Talwani
                                         United States District Judge

5